IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00514-RJC-DSC

| | |
|---|---|
| RAFAEL ANTONIO GARCIA FLORES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| YOSELIN YESSENIA MORALES ) | |
| ALVARADON, CARMEN LUCINDA ) | |
| ALVARADO AND DAVID ALVARADO, ) | |
| ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on Respondent Yoselin Yessenia Morales' "Motion to Dismiss Complaint," Doc. 8, and Petitioner's "Response", Doc. 9.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Respondent's Motion to Dismiss be <u>denied</u>, as discussed below.

## I. BACKGROUND

Accepting the allegations of the Petition, Doc. 1, as true, Petitioner and Respondent were married on December 15, 2012 in La Libertad, El Salvador. They have a four year old son, V.S.G.M. (the "Child"). Petitioner asserts that on January 8, 2017 Respondent wrongfully removed the Child from their familial residence in San Salvador, El Salvador and is now residing

with the Child in Charlotte along with her mother, Carmen Lucinda Alvarado, and her brother David Alvarado.

On August 25, 2017, Petitioner filed the instant Petition pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), signed by the United States on July 1, 1988, and its implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et. seq.

Respondent moves to dismiss the Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. 8. Respondent argues that (1) "[t]here is no Court Order awarding the Custody of the minor child . . ." (2) "the minor child at issue was living with [Morales] when she left El Salvador" . . . and (3) "the Articles of Codigo . . . cited on the Plaintiff's Petition for the return of the minor child does [sic] not automatically award custody of the minor child. . . ." Id. at ¶ 1.

## II. DISCUSSION

A Rule 12(b)(6) motion "focus[es] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). The court must take all "factual allegations in the complaint as true." Monroe v. City of Charlottesville, Va., 579 F.3d. 380, 386 (4th Cir. 2009). Although the facts are viewed "in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts and [] need not accept as true unwarranted inferences,

unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citing E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (internal quotes omitted)).

Matters outside the pleadings are not considered. Advanced Internet Technologies, Inc. v. Dell, Inc., No. 507CV00426, 2009 WL 1109572 (E.D. N.C. 2009). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

As set forth in the Petition, Article 1 of the Hague Convention provides that the object of the Hague Convention is "(1) to secure the immediate return of a child wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." Doc. 1 at ¶ 5. Petitioner seeks return of the Child to El Salvador.

The Hague Convention mandates that courts should determine the jurisdictional merits of the case only. Courts do not evaluate the merits of any custody dispute. Specifically, under the Hague Convention, courts determine only where a child custody action should be tried. Article 16 of the Hague Convention[1] bars courts from considering the merits of custody once they receive notice of the wrongful removal or retention of a child. See Miller v. Miller, 240 F.3d 392, 398

---

[1] Article 16 provides as follows: After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice. See Doc. 1-Ex. A.

(4th Cir. 2001). This action is purely jurisdictional in nature and not intended to focus on the best interests of the child or other custody related issues.

Article 13b provides a narrow exception to the Hague Convention's general rule of return of the child. Hague Convention Art. 13b; see also Rydder v. Rydder, 49 F.3d 369, 372 (8th Cir. 1995) (explaining that exceptions to the Hague Convention should be construed narrowly). Article 13b allows a court to deny return of a child to the habitual residence if "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." ICARA requires that a respondent opposing return of a child under Article 13b establish this exception by clear and convincing evidence. 42 U.S.C. § 11603(e)(2)(A).

Accepting the allegations of the Petition at this stage, Petitioner is the father of the Child. He resided with the Child at the familial residence in El Salvador at the time the Child was removed. He never consented to the Child being removed from El Salvador. Accordingly, Petitioner has properly pled a claim under the Hague Convention. Respondent's affirmative defense that the Child is in "grave risk" must be resolved at an evidentiary hearing to determine the rights of the parties under the Hague Convention.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Respondent's "Motion to Dismiss Complaint," Doc. 8, be DENIED. The undersigned further

recommends that an evidentiary hearing take place as soon as practicable to determine the rights of the parties under the Hague Convention.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: December 11, 2017

*signature*

David S. Cayer
United States Magistrate Judge