UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-514-RJC-DSC

| | |
|---|---|
| RAFAEL ANTONIO GARCIA FLORES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YOSELIN YESSENIA MORALES ) <br> ALVARADO, CARMEN LUCIDNA ) <br> ALVARDO, and DAVID ALVARDO ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** comes before the Court on Yoselin Yessenia Morales Alvarado's Motion to Dismiss for Failure to State a Claim, (Doc. No. 8), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10), recommending the Court deny Defendant's Motion. The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts in the M&R as reproduced below:

> Accepting the allegations of the Petition, Doc. 1, as true, Petitioner and Respondent were married on December 15, 2012 in La Libertad, El Salvador. They have a four year old son, V.S.G.M. (the "Child"). Petitioner asserts that on January 8, 2017 Respondent wrongfully removed the Child from their familial residence in San Salvador, El Salvador and is now residing with the Child in Charlotte along with her mother, Carmen Lucinda Alvarado, and her brother David Alvarado.

1

> On August 25, 2017, Petitioner filed the instant Petition pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), signed by the United States on July 1, 1988, and its implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et. seq.
>
> Respondent moves to dismiss the Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. 8. Respondent argues that (1) "[t]here is no Court Order awarding the Custody of the minor child . . ." (2) "the minor child at issue was living with [Morales] when she left El Salvador" . . . and (3) "the Articles of Codigo . . . cited on the Plaintiff's Petition for the return of the minor child does [sic] not automatically award custody of the minor child. . . ." Id. at ¶ 1.

(Doc. No. 10 at 1–2).

## II.    STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

As the Magistrate Judge recommended, the parties' standing under the Hague Convention will be resolved in an evidentiary hearing previously scheduled for April 12, 2018.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**;

2. Yoselin Yessenia Morales Alvarado's Motion To Dismiss, (Doc. No. 8), is **DENIED**;

Signed: April 6, 2018

Robert J. Conrad, Jr.
United States District Judge