UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-514-RJC-DSC

| | |
|---|---|
| RAFAEL ANTONIO GARCIA FLORES, ) ) Plaintiff, ) ) v. ) ) YOSELIN YESSENIA MORALES ) ALVARADO, CARMEN LUCIDNA ) ALVARDO, and DAVID ALVARDO ) ) Defendants. ) _____ ) | ORDER |

**THIS MATTER** comes before the Court on both parties' Joint Motion for an Evidentiary Hearing, (Doc. No. 15), and Rafael Antonio Garcia Flores' ("Petitioner") Motion to Testify Remotely for the Evidentiary Hearing, (Doc. No. 17).

I.  BACKGROUND

On August 25, 2017, Petitioner filed his Complaint before this Court petitioning the return of V.S.G.M., a minor child, to El Salvador. (Doc. No. 1). Petitioner, a citizen of El Salvador, alleges that his wife, Yoselin Yessenia Morales Alvarado, ("Respondent") took their child to the United States in January of 2017. (Id. ¶¶ 15–19). Petitioner states that Respondent now lives in Charlotte, North Carolina, with their child and Respondent's mother and brother. (Id. ¶ 2).

On October 23, 2017, Respondent filed a Motion to Dismiss for Failure to State a Claim, (Doc. No. 8), which the Magistrate Judge recommended this Court deny. (Doc. No. 10). The Magistrate Judge recognized a narrow exception to the Hague

Convention under Article 13b, which "allows a court to deny return of a child to the habitual residence if 'there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.'" (Id. at 4). The Magistrate Judge then concluded that "Petitioner has properly pled a claim under the Hague Convention. Respondent's affirmative defense that the Child is in 'grave risk' must be resolved at an evidentiary hearing to determine the rights of the parties under the Hague Convention." (Id.). The Court adopted the Magistrate Judge's recommendation and previously set an evidentiary hearing for April 12, 2017.

## II. DISCUSSION

Because the Court previously scheduled an evidentiary hearing to establish the proper jurisdiction of this matter, it **GRANTS** the parties' Joint Motion, (Doc. No. 15).

Petitioner now asks the Court to allow his testimony to be conducted remotely. (Doc. No. 17). Petitioner supports this request, stating: (1) "Petitioner is located in El Salvador and is unable to obtain a visa permitting entry into the United States by April 12, 2018"; and (2) "Petitioner is financially unable to pay for his travel." (Id. at 1). Petitioner also asserts that sufficient procedural safeguards can ensure compliance with the mandates of Rule 43(a) because: (1) "Petitioner can be properly identified"; and (2) "Petitioner will not be under improper influence to testify." (Id.). To support the safeguards of his remote testimony, Petitioner states that he will locate a private office where parties may identify him without others in the room.

(Doc. No. 17 at 4). Respondent has not filed a response to Petitioner's request.

"For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a). The advisory committee notes for Rule 43(a) indicate that the referenced "safeguards" should ensure: (1) accurate identification of the witness; (2) protection against outside influence present with the witness; and (3) accurate transmission. Alcala v. Hernandez, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *2 (D.S.C. Apr. 27, 2015) (citing FED. R. CIV. P. Rule 43(a) advisory committee's note).

The Fourth Circuit has previously found that a video conferencing during a mental competency hearing was permissible because it involved a civil matter and the Sixth Amendment right to confrontation did not apply. United States v. Baker, 45 F.3d 837 (4th Cir.1995); see also, Edwards v. Logan, 38 F. Supp. 2d 463, 466 (W.D. Va. 1999). Furthermore, a district court allowed remote testimony from El Salvador under a similar case brought pursuant to the Hague Convention. In Salguero v. Argueta, the Court found that drafters of the Hague Convention directed judicial authorities of the contracting states to act expeditiously for the return of children. No. 5:17-CV-125-FL, 2017 WL 1113334, at *1 (E.D.N.C. Mar. 23, 2017). Accordingly, "[c]ourts have adopted flexible approaches to adhere to this directive, including allowing remote testimony." Id. As in Salguero, the Court now **GRANTS** Petitioner's Motion to Testify Remotely for good cause shown. In doing so, Petitioner is **ORDERED** to adopt these necessary safeguards:

1. Petitioner must testify from a private room, free from outside influence; and

2. Petitioner's counsel is responsible for making sure the technological steps are taken to make the remote videoconference connection feasible and may work with courthouse staff prior to his testimony to accomplish that objective.[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The parties' Joint Motion for an Evidentiary Hearing, (Doc. No. 15), is **GRANTED**; and

2. Rafael Antonio Garcia Flores' Motion to Testify Remotely for the Evidentiary Hearing, (Doc. No. 17), is **GRANTED.**

Signed: April 6, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] These safeguards have been considered sufficient to fulfill the requirements of Federal Rule of Civil Procedure 43(a) by courts in similar scenarios. See Salguero, 2017 WL 1113334, at *2; Alcala, 2015 WL 1893291, at *3.